Whalev, Judge,
delivered the opinion of the court:
The questions of fact in this case are not complicated and are fully set out in the special findings of fact by the court. The few issues of law do not involve any complexities for the reason that they have been passed on time and time again by this court and it is almost unnecessary to cite authorities, so frequently have they been decided. The identical provisions of this contract have been construed by this court in many decisions. The rules governing their construction are well settled.
The plaintiff entered into a written contract with the defendant dated January 20, 1919, whereby it agreed to construct and complete at the navy yard, New York, N.Y., an extension “A” to the power-plant building, no. 41, together with certain incidental work in connection therewith in accordance with the provisions of Specification No. 3632, as amended by Addendum No. 1, which specification and addendum were made a part of the contract. The consideration specified was $88,881.00 and the work was to be completed within 150 calendar days from the date a copy of the contract was delivered to the contractor. The plaintiff received a copy of the contract on March 1,1919, and within the time limit of the contract the work should have been completed on August 1, 1919. The building was accepted on May 31, 1920.
During the execution of the work the defendant increased the contract price by certain items of extra work and charged against the plaintiff certain items which were eliminated from the contract. After the completion of the contract the defendant assessed liquidated damages against the plaintiff for 140 days’ delay at $100 per day. The plaintiff contends the Government has no right, under the circumstances of the case, to charge against it liquidated damages, *147 and that the deduction of certain items was illegal and the amounts by which the contract was increased were not sufficient to cover the actual cost of the extra work performed.
The plaintiff also contends that the space allowed at the site of the work for receiving, handling, storing, and working material, was not reasonable and as a result the work was delayed and the cost increased to plaintiff.
The plaintiff was fully aware of the proposed location of the work and had examined the site before making its bid.
Paragraph 173 of the specification provides:
“ Examination of site. — Intending bidders are expected to examine the site of the proposed work and inform themselves thoroughly of the actual conditions and requirements before submitting proposals.”
Also in section 6 of the general provisions forming a part of the specifications there is provided:
“ Facilities. — Unless otherwise specifically stated, the contractor shall be allowed reasonable space at the site of the work and access to the same for receiving, handling, storing, and working material. * * * ”
The plaintiff was given all the available space at the site, but requested additional space and was given the next nearest additional space which was 300 yards from the site. The contention is now made that, by reason of the insufficiency of the space at the site, and the use of the additional space, the plaintiff was put to extra cost of handling material and the work was retarded by this additional hauling distance. The plaintiff had full opportunity to ascertain the size of the available space near the proposed location of the work. Upon the examination of the site, which is admitted was made before submitting a bid, the plaintiff could have determined whether it was sufficient or not. The defendant provided all the space at the site which was not occupied by the permanent structures of the yard and which plaintiff saw in place when its inspection was made. When it proved inadequate for plaintiff’s needs, the defendant allotted the next nearest space. There is no failure of performance of the terms of the contract on the part of the defendant to furnish space which the plaintiff knew before entering into *148 the contract could not be provided. An extension of time was granted the plaintiff by reason of the extra distance in which to complete the contract. There can be no recovery on this item.
The plaintiff alleges that it was inadequately paid for certain changes ordered by the defendant and, although only two are seriously attacked and specifically called to the attention of the court in the brief, there is a general assault made on the provisions of the contract providing for changes. In all there were nine changes made by the defendant, some increasing the contract price, and others decreasing the cost to the defendant. The contract in paragraphs 17 and 18, set out in full in finding II, gives the right to the defendant to make changes and order extra work performed, and provides the method of ascertaining the cost. In each and every instance an order was issued, a board of three officers, as provided in the contract, examined into the estimated actual cost of the work and made a recommendation to the Bureau of Yards and Docks as to the allowances the contractor should receive. The Bureau of Yards and Docks subsequently acted upon the recommendations of the board and made its decisions. It has been so repeatedly held by this court and by the Supreme Court that when parties to a contract agree the decision of an officer or board shall be final, the court will not review the. decision, unless the decision is affected by fraud, or so grossly erroneous that fraud will be implied, that the citing of authorities is hardly necessary. Lustbader Construction Co. v. United States, 62 C.Cls. 549. There has been no attempt to prove fraud. There is not a scintilla of fraud in the record. The decisions of the board are not grossly erroneous. In fact, we can find no' error in them. The plaintiff agreed to and is bound by the terms of the contract, in which it agreed the decision of the Bureau of Yards and Docks “ shall be accepted in full satisfaction ”, and is not entitled to relief by this court.
The next contention of the plaintiff is the defendant delayed the work to such an extent that no liquidated damages should be assessed against it. There is no denial that the defendant was guilty of delays. The position of the plain *149 tiff is that, the work having been delayed by both sides, the actual delays by each cannot be definitely ascertained and therefore no liquidated damages can be assessed, citing the case of the Standard Steel Car Co. v. The United States, 67 C.Cls. 445.
The principle announced in the above case has no application to the instant case for the simple reason that in the Standard Steel Car Company ease the delays caused by each of the parties could not be ascertained, whereas, in the instant case, they not only are capable of ascertainment but have been ascertained definitely by the method clearly set out in the contract and in which the plaintiff agreed “ to accept the findings and action * * * in the premises as conclusive and binding.” There can be no going behind such a decision without the establishment by clear and convincing proof of fraud or indirect fraudulent action. As we have above remarked, the evidence in the case is singularly free from any taint of wrongful action. There can be no relief on this item. See numerous decisions cited in Brinck v. United States, 53 C.Cls. 170; Penn Bridge Co. v. United States, 59 C.Cls. 892; and Winchester Manufacturing Co. v. United States, 72 C.Cls. 106.
The petition must be dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, OMef Justice, concur.